Slip Op. 18 - 70

# J U D G M E N T

**UNITED STATES COURT OF INTERNATIONAL TRADE**

Thomas J. Aquilino, Jr., Senior Judge

```
- - - - - - - - - - - - - - - - - - - -x
XI'AN METALS & MINERALS IMPORT & EXPORT :
CO., LTD.,
                       Plaintiff,      :

          -and-                         :

THE STANLEY WORKS (LANGFANG) FASTENING  :
SYSTEMS CO., LTD. and STANLEY BLACK AND
DECKER, INC.,                           :

          Consolidated-Plaintiffs,      :   Consolidated
                                            Court No. 15-00109
              v.                        :

UNITED STATES,                          :
                       Defendant,
          -and-                         :

MID CONTINENT STEEL & WIRE, INC.,       :

          Intervenor-Defendant.         :
- - - - - - - - - - - - - - - - - - - -x
```

Upon consideration of the results of remand filed by the defendant pursuant to the court's slip opinion 17-120, 41 CIT ___, 356 F.Supp.3d 1346 (2017), and of the comments thereon filed by the consolidated plaintiffs and the intervenor-defendant; and noting the absence of any comments from the plaintiff with particular respect to the first issue hereinafter described of which it, and not the consolidated-plaintiffs, complained; be it

      ORDERED, ADJUDGED and DECREED that, with respect to the issue of the allocation of labor costs and the recalculation of the financial ratios on remand in accordance with the court's opinion, after consideration of the parties' comments and further consideration of <u>Antidumping Methodologies in Proceedings Involving Non-Market Economies: Valuing the Factor of Production: Labor</u>, 76 Fed. Reg. 36092 (June 21, 2011), <u>Elkay Mfg. Co. v. United States</u>, 38 CIT \_\_\_, 34 F.Supp.3d 1369 (2014), <u>remand results sustained</u>, 40 CIT \_\_\_, 180 F.Supp.3d 1245 (2016), <u>aff'd sub nom</u>. <u>Guangdong Dongyuan Kitchenware Indus. Co. v. United States</u>, 702 Fed. Appx. 981 (Fed.Cir. 2017); and of the histories of <u>Clearon Corp. v. United States</u>, Slip Op. 14-88, 38 CIT \_\_\_ (July 14, 2014), <u>first remand results remanded</u>, Slip Op. 15-91, 39 CIT \_\_\_ (Aug. 20, 2015), <u>second remand results sustained</u>, Slip Op. 16-110, 40 CIT \_\_\_ (Nov. 23, 2016), <u>aff'd</u>, 711 Fed. Appx. 648 (Fed.Cir. 2018); and of <u>Hangzhou Yingqing Material Co. v. United States</u>, 40 CIT \_\_\_, 195 F.Supp.3d 1299 (2016), <u>remand results sustained</u>, 41 CIT \_\_\_, 222 F.Supp.3d 1292 (2017), the remand result on said issue be, and it hereby is, vacated in order to abide precedent; and it is further

      ORDERED that the original final determination on the foregoing issue, as articulated in <u>Certain Steel Nails from the</u>

**Consol. Court No. 15-00109** **Page 3**

<u>PRC</u>, 80 Fed.Reg. 18816 (April 8, 2015), PDoc 294, via the accompanying final issues and decision memorandum, PDoc 276, be, and it hereby is, reinstated; and it is further

ORDERED, ADJUDGED and DECREED that, with respect to the issue of the transcription error in consolidated-plaintiff's post-verification factor-of-production database, in consideration of correction thereof in the results of remand and "Commerce's duty to determine margins as accurately as possible", <u>Lasko Metal Prod., Inc. v. United States</u>, 43 F.3d 1442, 1443 (Fed.Cir. 1994), that correction be, and it hereby is, affirmed.

Dated:   New York, New York
         June 19, 2018

                                              /s Thomas J. Aquilino, Jr.
                                                   Senior Judge